**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KARYN M. WINSLOW,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-2123
(D.C. No. CIV-95-503-SC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[**]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Effective September 29, 1997, Kenneth S. Apfel became the Commissioner for the Social Security Administration. Pursuant to Fed. R. App. P. 43(c), Mr. Apfel is substituted for Shirley S. Chater, former Commissioner of Social Security, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Karyn M. Winslow appeals an order of the district court affirming the decision of the Commissioner of Social Security denying her request for social security disability benefits and supplemental security income benefits. Our review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence, and whether the Commissioner applied correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). In light of these standards, and after a thorough review of the record, we affirm.

In order to determine whether a claimant is under a disability, the Commissioner applies a five-step process. 20 C.F.R. §§ 404.1520, 416.920; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail). Here, claimant alleged disability as of November 27, 1991 due to migraine headaches, back, neck, shoulder and arm pain, and Scheurmann's disease. The ALJ found that claimant suffers from postural back pain, headaches, obesity, and a personality disorder. The ALJ determined at step five of the applicable analysis, that, although claimant was unable to return to her past relevant work as a nursing assistant, cashier, and manager of a fast-food restaurant, she had the residual functional capacity (RFC) to perform a full range

of sedentary work at an unskilled level. The ALJ relied on the medical-vocational guidelines (grids), 20 C.F.R., Pt. 404, Subpt. P, App. 2, to find that a significant number of jobs exist that claimant could perform, compelling a conclusion that claimant was not disabled.

The Appeals Council denied review, and claimant filed suit in federal district court. The district court, adopting the recommendation and findings of the magistrate judge, affirmed the agency's decision. This appeal followed. On appeal, claimant alleges 1) the record does not contain substantial evidence supporting the ALJ's determination that she had the RFC to perform a full range of sedentary work; 2) the ALJ erred in basing his finding that her pain does not preclude the performance of sedentary work partially on his observation about her demeanor during the hearing; and 3) the ALJ failed to indicate what evidence he relied upon to conclude claimant's mental impairment does not affect her ability to work.

I.

Claimant first contends that the Commissioner erred in finding that she has the RFC to perform sedentary work because the ALJ lacked positive evidence to support such a finding and should have ordered a consultative examination of her RFC. She also challenges the ALJ's RFC determination, arguing that the ALJ improperly relied on her daily activities in reaching his decision.

The ALJ was under no duty to obtain any consultative examinations. The ALJ has broad latitude in determining whether to order a consultative examination. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990). Consultative examinations are necessary only to resolve conflicts in the medical evidence or to secure additional evidence needed to support a decision. See 20 C.F.R. §§ 404.1519a & 416.919a.

Contrary to claimant's contention, this is not a case in which the ALJ had "no evidence upon which to make a finding as to RFC." See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). The ALJ described the evidence in the record upon which he based his conclusion that claimant could perform work at the sedentary exertional level.[1] This evidence included several physical examinations of claimant's back and spine that revealed no sensory or motor abnormalities and good flexibility, and indicated claimant was able to continue her work as a nursing assistant. Medical evidence also showed that claimant was exercising at a health club and that her back pain was relieved by exercise and activity. This evidence supports the ALJ's determination that claimant retained

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

the RFC to perform work at a sedentary exertional level. The medical evidence also revealed that claimant reported that she had had migraine headaches since childhood and that her migraines were "minimal" at present compared to the past.

We also reject counsel's contention that the ALJ improperly relied on claimant's daily activities to reach his RFC determination. The ALJ did note that claimant was attending a vocational school and getting excellent grades, though he also noted that claimant reported having trouble sitting in classes that last longer than an hour and a quarter and that her teachers allowed her to change positions. The ALJ also recognized that claimant had been looking for work. However, it is clear that the ALJ relied on numerous factors in reaching his RFC determination, particularly the medical evidence, and the fact that claimant was able to attend and perform well in school and was looking for work were not the only factors he took into consideration. See Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993) (while not conclusive, such activities as school attendance may be considered, along with medical testimony, in determining the right of a claimant to disability benefits). Further, statements regarding daily activities are evidence properly considered under the Commissioner's regulations. See 20 C.F.R. §§ 404.1529(a); 416.929(a).

## II.

Next, claimant contends that the ALJ erred in basing his finding that her complaints of pain did not preclude the performance of sedentary work on his observation that claimant "did not appear to be in any distress during the hearing." Appellant's App. Vol. II at 19. We held in Teter v. Heckler, 775 F.2d 1104, 1106 (10th Cir.1985), that if the uncontroverted evidence corroborates the claimant's assertions of disabling pain, the ALJ "may not reject [those] assertions on the basis of demeanor alone." Although the ALJ did comment that claimant did not appear to be in distress during the hearing, it is clear that he considered the medical evidence and her testimony in evaluating her allegations of pain, and it cannot be said that the uncontroverted evidence in this case corroborates claimant's assertions of disabling pain.

## III.

Finally, claimant contends that the ALJ did not set forth the evidence he relied upon to reach his conclusion that claimant's depression would not affect her ability to work. We disagree. The ALJ decision discusses in detail the psychologists' opinions and a description of the information he relied upon. Claimant complains that the ALJ did not give controlling weight to the disability opinion of Dr. Goncalves, a psychologist who met with her four or five times over a two-month period and concluded that "due to a number of factors, both medical

-6-

and psychological, it is . . . quite unrealistic to expect that [claimant] is capable of successfully interviewing, being hired, and holding down a job at this time." Appellant's App. Vol. II at 131.

Controlling weight will be given to a treating physician's opinion only "if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record." Castellano, 26 F.3d at 1029. Additionally, because the determination of disability is the ultimate responsibility of the Commissioner, a treating physician's opinion as to a claimant's disability is not dispositive. See id. If a treating physician's opinion is not supported by specific findings, it may be rejected as long as specific and legitimate reasons for doing so are given. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995) (ALJ must give specific, legitimate reasons for disregarding a treating physician's disability opinion).

The ALJ pointed out that Dr. Goncalves acknowledged that he had not administered any psychological tests on claimant, and noted that Dr. Goncalves' opinion was contradicted by the comprehensive psychological evaluation given to claimant by Dr. Polk. The ALJ provided specific and legitimate reasons for rejecting Dr. Goncalves' opinion. Contrary to claimant's contentions, Dr. Polk's evaluation did provide evidence of claimant's ability to work. Dr. Polk's global

assessment of claimant's mental functional abilities concludes that claimant has mild symptoms of functional difficulties, but generally good functioning, and Dr. Polk noted that claimant's cognitive functioning appeared intact, with no apparent deficits in concentration or memory.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge